5/12/2008 4:27 PM FROM: Ronemus  Vilensky Ronemus _Vilensky  TO: +1 (212) 637-2686  PAGE: 002 OF 004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSEPH DORSA,

                Plaintiff,

         v.

UNITED STATES OF AMERICA,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 1209 (RWS) (JCF)
ECF Case

JOINT SCHEDULING REPORT
PURSUANT TO RULE 26(f)

       In accordance with Fed. R. Civ. P. 26(f), the parties have conferred to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and to develop a proposed discovery plan. The parties report to the Court as follows:

    1.    Discussion of Claims, Defenses, and Relevant Issues:

       Plaintiff Joseph Dorsa ("Plaintiff") has brought this action against defendant the United States of America ("Defendant"), under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680, for personal injury arising out of alleged negligent, careless and reckless medical treatment. Plaintiff alleges that, from approximately April 16, 2007, continuing through May 7, 2007, he received medical treatment at the Veterans Affairs New York Harbor Healthcare System (the "VANYHHS") resulting in physical injury, emotional distress, pain and suffering. Specifically, Plaintiff underwent heart valve and bypass surgery at the Manhattan campus of the VANYHHS. He alleges that he awoke from the surgery with burns on certain fingers of his left hand. On July 26, 2007, a partial amputation was performed on the second and third fingers of that hand. Plaintiff's SF-95 administrative claim sought $2,000,000 in damages. His complaint seeks damages in excess of $75,000.

5/12/2008 4:27 PM FROM: Ronemus Vilensky Ronemus _Vilensky  TO: +1 (212) 637-2686   PAGE: 003 OF 004

Based on the information currently available, Defendant intends to defend plaintiff's malpractice claim on the grounds that the VANYHHS and its employees possessed the requisite degree of knowledge and skill and exercised ordinary and reasonable care in performing Plaintiff's cardiac surgery and treating Plaintiff's fingers.  It is Defendant's contention that Plaintiff's alleged injuries resulted not from burns or from any negligent treatment by Defendant, but from an embolic event following the surgery for which Defendant is not liable.

2.    Initial Disclosures:  The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by June 4, 2008.

3.    Discovery Plan: The subjects on which disclosure may be needed include all issues relevant to, or likely to lead to relevant information concerning, the claims and defenses of the parties.  These subjects include the facts alleged in the complaint, Plaintiff's medical condition prior to, during, and after his treatment by Defendant, the nature of the treatment rendered to Plaintiff by Defendant, the causation and extent of Plaintiff's alleged damages, and expert testimony.  The parties jointly propose the following discovery schedule:

(1)    Joinder of additional parties shall be accomplished by June 23, 2008 unless new information supporting such joinder is discovered thereafter.

(2)    Motions to amend the pleadings shall be served by June 23, 2008 unless new information supporting such motions is discovered thereafter.

(3)    Fact discovery shall be completed no later than September 19, 2008.

(4)    The parties will exchange Fed. R. Civ. P 26(a)(2)(A) expert testimony disclosures no later than September 19, 2008.

(5)    Plaintiff's expert report(s) shall be served no later than October 17, 2008.

(6)    Defendant's expert report(s) shall be served no later than November 14, 2008.

(7)    Rebuttal expert report(s) shall be served no later than December 12, 2008.

(8)    All discovery shall be completed no later than December 12, 2008.   Interim deadlines may be extended by the parties on consent without application to the

MAY-12-2008  16:39                                    92%              P.03

Court, provided the parties believe they can still meet the discovery completion date ordered by the Court.

(9)     Dispositive motions, if any, shall be filed no later than January 12, 2009.

(10)    A joint pre-trial order pursuant to Paragraph 3A of the Court's Individual Practices shall be submitted for the Court's approval no later than January 12, 2009.

(11)    Pre-trial filings pursuant to Paragraph 3B of the Court's Individual Practices shall be submitted no later than February 11, 2009, unless otherwise directed by the Court.

(12)    All motions and applications shall be governed by the Court's Individual rules of Practice.

4.      Early Settlement or Resolution:  While the parties are open to the possibility of

settlement discussions, substantive negotiations have not taken place at this time.


Dated: New York, New York
       May  12, 2008


RONEMUS & VILENSKY, LLP
*Attorneys for Plaintiff*



By: _____
MICHAEL RONEMUS, ESQ.
112 Madison Avenue, 2nd Floor
New York, New York 10016
Telephone: (212) 779-7070
Facsimile: (212) 686-2490
Email: mike.ronemus@ronvil.com

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
*Attorney for Defendant*



By: _____
JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov


3