UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JOSEPH DORSA,

                Plaintiff(s),

        -against-

UNITED STATES OF AMERICA,

                Defendant(s).

-----------------------------------------------------------------------X

**RESPONSE TO THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES AND DOCUMENTS REQUESTS TO PLAINTIFF JOSEPH DORSA**

Index No.: 08 CIV 1209

Plaintiff, by his attorneys, RONEMUS & VILENSKY, as and for his Response to the Untied States of America's First Set of Interrogatories and Documents Requests to Plaintiff Joseph Dorsa, respectfully sets forth and alleges as follows, upon information and belief:

INTERROGATORY 1

Identify all persons with knowledge or information relevant to the subject matter of this action, including but not limited to, all persons who witnesses or have knowledge of any fact, report or statement concerning or relevant to the matters set forth in the Complaint.

RESPONSE

        Plaintiff is aware of the following witnesses:

                Joseph Dorsa, 6647 Bergen Place, Brooklyn, New York

                Dr. Al Culliford, NYU School of Medicine, 530 First Avenue, Suite 9V, NY, NY 10016

                Dr. Gupta, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

                Dr. Micahel S. Simberkoff, Department of Veterans Affairs Medical Center, 423 East 23rd Street, NY, NY 10010

Dr. Alexis Hazen, New York Harbor Health Care System,423 East 23rd Street, NY, NY 10010

Dr. David Matthew Adelman, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

Dr. Lesley Ojea, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

Dr. Gross,  New York Harbor Health Care System, 800 Poly Place, Brooklyn, New York 11209

Dr. Melvin P. Rosenwsser, 161 Fort Washington Ave., 2nd flr., New York, NY

Dr. Thomas Woloszyn, 948 48th Street, 3rd floor, Brooklyn, New York, 11209

Dr. Paul F. Simonelli, 161 Fort Washington Ave., New York, New York 10032

INTERROGATORY 2

Identify all persons with knowledge or information regarding the injuries alleged in the Complaint to have been suffered by Plaintiff, or the seriousness of the alleged injuries, or of any fact concerning the state of the Plaintiff's physical or mental health since May 1, 2007.

RESPONSE

Plaintiff is aware of the following persons who may have such information:

Joseph Dorsa, 6647 Bergen Place, Brooklyn, New York

Dr. Al Culliford, NYU School of Medicine, 530 First Avenue, Suite 9V, NY, NY 10016

Dr. Gupta, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

Dr. Micahel S. Simberkoff, Department of Veterans Affairs Medical Center, 423 East 23rd Street, NY, NY 10010

Dr. Alexis Hazen, New York Harbor Health Care System,423 East 23rd Street, NY, NY 10010

Dr. David Matthew Adelman, New York Harbor Health Care System, 423 East
23rd Street, NY, NY 10010

Dr. Lesley Ojea, New York Harbor Health Care System, 423 East 23rd Street,
NY, NY 10010

Dr. Gross, New York Harbor Health Care System, 800 Poly Place, Brooklyn,
New York 11209

Dr. Melvin P. Rosenwsser, 161 Fort Washington Ave., 2nd flr., New York, NY

Dr. Thomas Woloszyn, 948 48th Street, 3rd floor, Brooklyn, New York, 11209

Dr. Paul F. Simonelli, 161 Fort Washington Ave., New York, New York 10032

INTERROGATORY 3

Identify all Government employees, agents, representatives, or other persons purporting to act on
behalf of Government who caused injury to Plaintiff as alleged in the complaint.

RESPONSE

Plaintiff is aware of the identity of the following persons whom plaintiff believes are
employees of the plaintiff and caused plaintiff's injuries:

Dr. Gupta, New York Harbor Health Care System, 423 East 23rd Street, NY,
NY 10010

INTERROGATORY 4

Identify each and every physician, chiropractor, psychologist, social worker, therapist, physical
therapist, medical group, medical office, hospital, health maintenance organization, laboratory or
other medical psychological or mental health care personnel or organization that, on or after May
1, 2002, (i) examined Plaintiff, (ii) provided medical care or treatment to Plaintiff, (iii) was
consulted by Plaintiff, or (iv) rendered an opinion with respect to Plaintiff's medical condition or
treatment.

RESPONSE

Plaintiff has been treated by the following:

> Dr. Al Culliford, NYU School of Medicine, 530 First Avenue, Suite 9V, NY,
> NY 10016

> Dr. Gupta, New York Harbor Health Care System, 423 East 23rd Street, NY,
> NY 10010

> Dr. Micahel S. Simberkoff, Department of Veterans Affairs Medical Center, 423
> East 23rd Street, NY, NY 10010

> Dr. Alexis Hazen, New York Harbor Health Care System,423 East 23rd Street,
> NY, NY 10010

> Dr. David Matthew Adelman, New York Harbor Health Care System, 423 East
> 23rd Street, NY, NY 10010

> Dr. Lesley Ojea, New York Harbor Health Care System, 423 East 23rd Street,
> NY, NY 10010

> Dr. Gross,  New York Harbor Health Care System, 800 Poly Place, Brooklyn,
> New York 11209

> Dr. Melvin P. Rosenwsser, 161 Fort Washington Ave., 2nd flr., New York, NY

> Dr. Thomas Woloszyn, 948 48th Street, 3rd floor, Brooklyn, New York, 11209

> Dr. Paul F. Simonelli, 161 Fort Washington Ave., New York, New York 10032

INTERROGATORY 5

Identify all persons with knowledge of any prescriptions that have been issued to Plaintiff since
May 1, 2002.

RESPONSE

Plaintiff is aware of the following person who may have knowledge regarding
prescriptions issued to the Plaintiff:

> Dr. Al Culliford, NYU School of Medicine, 530 First Avenue, Suite 9V, NY,

NY 10016

Dr. Gupta, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

Dr. Micahel S. Simberkoff, Department of Veterans Affairs Medical Center, 423 East 23rd Street, NY, NY 10010

Dr. Alexis Hazen, New York Harbor Health Care System,423 East 23rd Street, NY, NY 10010

Dr. David Matthew Adelman, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

Dr. Lesley Ojea, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

Dr. Gross, New York Harbor Health Care System, 800 Poly Place, Brooklyn, New York 11209

Dr. Melvin P. Rosenwsser, 161 Fort Washington Ave., 2nd flr., New York, NY

Dr. Thomas Woloszyn, 948 48th Street, 3rd floor, Brooklyn, New York, 11209

Dr. Paul F. Simonelli, 161 Fort Washington Ave., New York, New York 10032

INTERROGATORY 6

Identify all persons with possession, custody or control of any photographs, charts, drawing, diagrams, x-rays, medical records or report, prescriptions, records of treatment, or other documents concerning the matters stated in the Complaint, or concerning the medical treatment received by the plaintiff since May 1, 2002.

RESPONSE

The following may be in possession of medical records as noted above:

Dr. Al Culliford, NYU School of Medicine, 530 First Avenue, Suite 9V, NY, NY 10016

Dr. Gupta, New York Harbor Health Care System, 423 East 23rd Street, NY,

NY 10010

Dr. Micahel S. Simberkoff, Department of Veterans Affairs Medical Center, 423
East 23rd Street, NY, NY 10010

Dr. Alexis Hazen, New York Harbor Health Care System,423 East 23rd Street,
NY, NY 10010

Dr. David Matthew Adelman, New York Harbor Health Care System, 423 East
23rd Street, NY, NY 10010

Dr. Lesley Ojea, New York Harbor Health Care System, 423 East 23rd Street,
NY, NY 10010

Dr. Gross, New York Harbor Health Care System, 800 Poly Place, Brooklyn,
New York 11209

New York Harbor Health Care System, 800 Poly Place, Brooklyn, NY 11209

New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

Dr. Melvin P. Rosenwsser, 161 Fort Washington Ave., 2nd flr., New York, NY

Dr. Thomas Woloszyn, 948 48th Street, 3rd floor, Brooklyn, New York, 11209

Dr. Paul F. Simonelli, 161 Fort Washington Ave., New York, New York 10032

## INTERROGATORY 7

Identify all persons who have acted on Plaintiff's behalf with respect to or who have investigated
the matters set forth in the complaint.

## RESPONSE

Plaintiff is presently unaware of those who have investigated the matters set forth in the
complaint other than the plaintiff's attorneys.

## INTERROGATORY 8

Identify all Government employees, agents, officials, or representatives or any persons purporting
to act on behalf of the Government who have made any oral or written statement or report to

anyone, including Plaintiff, regarding the matters set forth in the Complaint.

RESPONSE

Plaintiff is presently unaware of the identity of those who have made any statements regarding the matters set forth in the Complaint other than

> Dr. Gupta, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

> Dr. Micahel S. Simberkoff, Department of Veterans Affairs Medical Center, 423 East 23rd Street, NY, NY 10010

> Dr. Alexis Hazen, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

> Dr. David Matthew Adelman, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

> Dr. Lesley Ojea, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

> Dr. Gross,  New York Harbor Health Care System, 800 Poly Place, Brooklyn, New York 11209


INTERROGATORY 9

Identify all persons who have written any report or made and/or signed any statement concerning any of the matters alleged in the complaint.

RESPONSE

The only persons known to have made any report or statement regarding the matters complained of herein are:

> Dr. Gupta, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

> Dr. Micahel S. Simberkoff, Department of Veterans Affairs Medical Center, 423 East 23rd Street, NY, NY 10010

Dr. Alexis Hazen, New York Harbor Health Care System,423 East 23rd Street, NY, NY 10010

Dr. David Matthew Adelman, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

Dr. Lesley Ojea, New York Harbor Health Care System, 423 East 23rd Street, NY, NY 10010

Dr. Gross, New York Harbor Health Care System, 800 Poly Place, Brooklyn, New York 11209

INTERROGATORY 10

Identify all persons with possession, custody or control of any report or statement made by a person identified in response to Interrogatory Nos. 8 or 9.

RESPONSE

Plaintiff does not know identity of the persons in possession, custody or control of any report or statement but said records are believed to be maintained at the New York Harbor Health Care System, both, 800 Poly Place, Brooklyn, New York 11209 and 423 East 23rd Street, NY, NY 10010.

INTERROGATORY 11

Identify all persons with knowledge concerning any other action, lawsuit, or legal proceeding within or outside the Untied States in which Plaintiff has sued or filed a claim against the Government.

RESPONSE

There are no other actions, lawsuits or legal proceedings.

INTERROGATORY 12

Identify all persons who provided oral or written testimony or produced any documents or other

tangible things in connection with any other action, lawsuit or legal proceeding in which Plaintiff

is or was a party concerning any of the matter, including similar injuries, alleged in the

Complaint.

RESPONSE

None.

INTERROGATORY 13

Identify all persons whom Plaintiff intends to call as an expert witness to testify in this action.

RESPONSE

Plaintiff has not yet retained an expert for the trial of this matter.

INTERROGATORY 14

Itemize in specific detail the basis of Plaintiff's computation of damages for which judgment is

sought in this action, setting forth separately the amounts claimed for past pain and suffering,

future pain and suffering, past lost wages or other income, future lost wages or other income, past

and future medical expenses, past and future out-of-pocket expenses, past and future emotional

distress and all other categories of damages, together with the method of computation for each

amount or other evidentiary support for the amount claimed.

RESPONSE

Plaintiff has not out of pocket expenses. Plaintiff does not know the amounts of medical

expenses incurred to date as a result of the injuries claimed herein. Damages claimed herein are

in large part for past and future pain and suffering. Method of computation, to the extent

applicable, will be provided under separate cover.

INTERROGATORY 15

Identify all persons who have knowledge of claims filed with third parties or payments received

or to be received from third parties, including but not limited to insurance companies, employers,

workers' compensation and government agencies as a result of matters alleged in the Complaint.

RESPONSE

This information is presently unknown but will said information will be provided under separate cover if and when discovered.

INTERROGATORY 16

Identify all non-documentary physical evidence of the matters alleged in the Complaint, state its location, and identify all persons in possession, custody or control of such evidence.

RESPONSE

Plaintiff is unaware of any such evidence at this time.

INTERROGATORY 17

Identify all persons who have entered into any agreement with Plaintiff to dismiss, settle or otherwise release any claims by Plaintiff concerning any personal injuries or other matters alleged in the complaint.

RESPONSE

Plaintiff has not entered into any such agreements.

INTERROGATORY 18

Identify any other individual not listed above with knowledge of the Plaintiff's alleged injuries and damages.

RESPONSE

Plaintiff is presently unaware of any other persons.

INTERROGATORY 19

Identify all documents concerning matters stated in the Complaint, and for each document identify the custodian and location of the document. The documents identified should include,

but not be limited to:

a.    All documents received or obtained from any person concerning any of the matters alleged in the complaint;

b.    All reports, records, invoices, prescriptions, x-rays, diagrams, charts or other written records that memorialize any medical treatment, examination or medical consultation of Plaintiff from May 1, 2002 through the present;

c.    All documents written or supplied by or to any person who has investigated or reported on the matters alleged in the Complaint on Plaintiff's behalf;

d.    All documents written, authored, signed or otherwise approved by Plaintiff concerning the matters alleged in the Complaint;

e.    All documents concerning Plaintiff's state of health on or after May 1, 2002;

f.    All documents submitted to the Government concerning the matters alleged in the Complaint;

g.    All documents received from the Government concerning the matters alleged in the Complaint;

h.    All reports or other documents, including invoices, correspondence and drafts, written or supplied by or to the person identified in response to Interrogatory NO. 13;

i.    All documents concerning any other action, lawsuit or legal proceeding in which Plaintiff is or was a party concerning any of the matters alleged in the Complaint, including, but not limited to, any documents produced in discovery.

RESPONSE

Annexed hereto is a copy of plaintiff's medical records.  Other documents, if any, response to this demand will be provided in the future under separate cover.


INTERROGATORY 20

Identify in accordance with the instructions hereto:

a.    Plaintiff's employer(s) and immediate supervisor at the time of the matters set

forth in the Complain;

      b.     All persons who have employed Plaintiff from May 1, 2002 to date, without limitation and without regard for whether such employment was full time, part time, permanent, temporary, freelance or of other nature.

RESPONSE

      Plaintiff was retired.

REQUESTS FOR DOCUMENTS

1.     All documents identify in your responses to Interrogatories.

2.     All reports relating to the acts or omissions alleged in the Complaint.

3.     All documents written or authored by Plaintiff or by any other person evidencing, referring to or relating to the matters alleged in the Complaint, including, but not limited to, all emails, personal diaries, calendars, notebooks, appointment books, phone messages, memoranda, and weekly or daily planners of Plaintiff.

4.     All documents submitted to the Government in connection with the matters alleged in the Complaint.

5.     All documents received from the Government in connection with the matters alleged in the Complaint.

6.     All documents concerning the damages claimed by Plaintiff, including but not limited to lost wages or other income, claims for disability payments, insurance policies or payments, and claims to insurance companies, Plaintiff's employer or any governmental agency.

7.     Any and all documents that record, reflect, indicate or refer to any medical care or evaluation, hospital care, chiropractic care, physical therapy, mental health care or evaluation, psychological care or evaluation, therapy or other treatment received, sought or considered by Plaintiff since May 1, 2002, including, without limitation, any correspondence relative thereto.

8.     All tax returns filed by Plaintiff since January 1, 2002. (If plaintiff is not asserting a

claim for lost wages or other income, please so state, and Plaintiff need not respond to this document request.)

9.      Notarized authorizations from Plaintiff permitting the release of Plaintiff's medical, psychotherapy, pharmacy, insurance, and employment records.

10.      All documents produced to other parties in this matter.

11.      All documents concerning matters set forth in your response to Interrogatory No. 13, including, but not limited to:

    a.      All reports, including draft reports, prepared or written by persons identified therein;

    b.      All documents reflecting the opinions that the persons are expected to express and the basis and reasons for such opinions;

    c.      The data, documents, or other information the persons were given, considered, or relied upon in forming his or her opinion(s);

    d.      Any Exhibits to be used as a summary of or support for his or her opinion(s);

    e.      A list of his or her qualifications, including a list of all publications that he or she authored within the 10 years preceding the date of this request;

    f.      A statement of the compensation paid and to be paid to him or her for the study and the testimony;

    g.      A list of all other cases in which he or she has testified as an expert at trial or by deposition within the four years preceding the date of this request;

    h.      each person's current curriculum vitae and resume.

12.      All documents concerning any other action, lawsuit or legal proceeding in which Plaintiff is or was a party concerning any of the matters alleged in the Complaint, including, but not limited to, any documents produced in discovery.

13.      All documents or things not produced in response to the foregoing requests that Plaintiff may seek to introduce at the trial of this action.

RESPONSE TO DEMAND FOR DOCUMENTS

1.    Annexed hereto are authorizations for the release of plaintiff's records from the
      following:

            Dr. Al Culliford, NYU School of Medicine, 530 First Avenue, Suite 9V, NY,

                  NY 10016

            Dr. Gupta, New York Harbor Health Care System, 423 East 23rd Street, NY,

                  NY 10010

            Dr. Micahel S. Simberkoff, Department of Veterans Affairs Medical Center, 423

                  East 23rd Street, NY, NY 10010

            Dr. Alexis Hazen, New York Harbor Health Care System,423 East 23rd Street,

                  NY, NY 10010

            Dr. David Matthew Adelman, New York Harbor Health Care System, 423 East

                  23rd Street, NY, NY 10010

            Dr. Lesley Ojea, New York Harbor Health Care System, 423 East 23rd Street,

                  NY, NY 10010

            Dr. Gross,  New York Harbor Health Care System, 800 Poly Place, Brooklyn,

                  New York 11209

            Dr. Melvin P. Rosenwsser, 161 Fort Washington Ave., 2nd flr., New York, NY

            Dr. Thomas Woloszyn, 948 48th Street, 3rd floor, Brooklyn, New York, 11209

            Dr. Paul F. Simonelli, 161 Fort Washington Ave., New York, New York 10032

2.    Annexed hereto is a copy of those medical records in the plaintiff's possession relative to
      the claims herein.

Dated: New York, New York
       July 28, 2008

Yours, etc.

MICHAEL B. RONEMUS (4999)
RONEMUS & VILENSKY, ESQS.
Attorneys for Plaintiff(s)
112 Madison Avenue
New York, New York 10016
(212) 779-7070

To:
Jossph Cordaro, Esq.
US Attorneys Office
Attorney For: Party
86 Chambers Street
New York, NY  10007
Phone: (212) 637-2745
Fax: (212) 637-2686

MICHAEL B. RONEMUS, a New York attorney, affirms under penalty of perjury:

That he/she is the attorney for the PLAINTIFF(S) in the within entitled action; that he/she has read the foregoing **VERIFIED BILL OF PARTICULARS** and knows the contents thereof; that the same is true to the knowledge of the affirmant, except as to the matters therein stated to be upon information and belief and as to those matters he/she believes them to be true.

Affirmant further states that the reason why this verification is not made by the plaintiff(s) is that said plaintiff(s), upon information and belief, are not residents of the County of New York, where affirmant has his/her office.

That the grounds for affirmant's belief as to all matters not therein stated to be alleged upon as knowledge, are investigations and information received by affirmant in the course of his/her duties as the attorney for said plaintiff(s).

Dated: New York, New York
     July 28, 2008

                                        MICHAEL B. RONEMUS (4999)

## VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK, COUNTY OF NEW YORK  ss:

Joseph Dorsa, being duly sworn, says:

I am a Plaintiff in the action herein:  I have read the annexed

**RESPONSE TO THE UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES AND DOCUMENTS REQUESTS TO PLAINTIFF JOSEPH DORSA**

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

Dated: NEW YORK, NEW YORK
_august 18_, 2008

_Joseph Dorsa_
Joseph Dorsa

Subscribed and sworn to before me
this _18_ day of _august_, 2003

NOTARY PUBLIC
Diana J. Castillo
Commissioner of Deeds, City of New York
No. 4-5514
Cert. Filed in New York County
Commission Expires _10/1/08_