UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOSEPH DORSA,

                Plaintiff(s),

-against-

UNITED STATES OF AMERICA,

                Defendant(s).
------------------------------------------------------------------X

**PLAINTIFF'S DEMAND FOR A FIRST SET OF INTERROGATORIES AND DOCUMENTS REQUESTS TO DEFENDANT**

Index No.: 08 CIV 1209

    PLEASE TAKE NOTICE, that pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the United States District Court for the Southern District of New York, Plaintiff, Joseph Dorsa, by his attorney Michael B. Ronemus, of the law firm of Ronemus & Vilensky, hereby requests that, within thirty days after the date of the service of this Notice, defendant UNITED STATES OF AMERICA, (USA or "you") answer under oath the following interrogatories and request for documents, fully and separately in writing and produce the re3quested documents to the attention of Michael B. Ronemus of Ronemus & Vilensky, 112 Madison Avenue, 2nd Floor, New York, New York 10016. Your answers should include all information known as of the date that your responses are served.

    PLEASE TAKE FURTHER NOTICE THAT, pursuant to Federal Rules of Civil Procedure 26(e)(1)(A), you are under a continuing duty to supplement and to correct your disclosures if you discover that in some material respect the information disclosed in incomplete or incorrect and if the additional or corrected information has not otherwise been made known to the plaintiff during the discovery process or in writing.

## DEFINITIONS

    The definitions and rules of construction set forth in Rule 26.3 of the Local Civil rules of the United States District Court for the Southern District of New York shall apply. In addition,

the following definitions shall apply herein except where otherwise indicated by words or context.

1. <u>USA, you and your</u> – The terms USA, you and your refer to the United States of America or its agents, employees, representatives or any other person acting or purporting to act on its behalf.

2. <u>Government</u> – The term government refers to the United States of America, its departments, agents, employees, representatives and any person acting or purporting to act on its behalf, including but not limited to the VA New York Harbor Health Care System and its agents, employees, representatives and any person acting or purporting to act on its behalf.

3. <u>Complaint</u> – The term complaint refers to the complaint filed in this action

4. <u>Answer</u> – The term answer refers to the answer filed in this action in response to the complaint.

5. <u>Document</u> – The term document has the meaning set forth in the Local Civil Rule 23.3(c)(2) and Fed. R. Civ. P. 34(a); specifically, it includes, without limitation, writings, drawings, e-mails, graphs, charts, photographs, computer discs, and any other data complications from which information can be obtained through detection devices into reasonably usable form.

6. <u>Person or Individual</u> – The terms person or individual mean any person individual, partnership, firm, association, personal corporation, corporation or other business, government or legal entity.

7. <u>And and Or</u> – The terms and as well as or shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specification all responses that might otherwise be construed to be outside its scope.

8. <u>To date</u> – The term to date refers to the date on which the responses to these interrogatories and documents requests, including any amended or supplemental responses, are served on the Plaintiff.

<b><i>INSTRUCTIONS</i></b>

1. Each interrogatory, and each subpart thereof, should be accorded a separate

answer. Each answer should first set forth verbatim the interrogatory to which it is responsive. Interrogatories or subparts thereof should not be combined for the purpose of supplying a common answer. The answer to an interrogatory or a subpart should not be supplied by referring to the answer to another interrogatory or subpart thereof unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

2. Documents shall be produced either as they are maintained in the ordinary course of business or as organized and labeled by the request to which they respond.

3. All non-identical copies and drafts of a document need to be produced. Identical copies need not be produced.

4. Copies of documents shall be produced with all attachments (e.g. stables, clips, rubber-band) reproduced exactly as in the originals.

5. Whenever in response to these interrogatories there is identified a natural person, provide all the information set forth in Local Civil Rule 26,3(c)(3) regarding that person.

6. Whenever in response to these interrogatories there is identified a firm, partnership, corporation, other associates, or a division, department or unit thereof, set forth the full name of that entity and its principal business address with telephone number.

7. Whenever in response to these interrogatories the information requested is contained in or may otherwise be derived or ascertained from a document, you may , providing you comply with the requirements of Local Civil Rule 33.1:

    a. identify the documents from which the answer may be derived or ascertained; and

    b. produce the documents for inspection and copying or deliver a copy of the document to the undersigned at the time the answers thereto are filed, but nothing herein shall constitute a waiver of the interrogator's right to call for the production of documents not so identified, produced or delivered.

8. Whenever in response to these interrogatories there is identified a document,

provide all the information set forth in Local Civil Rule 26.3(c)(4).

9. Whenever in the interrogatories the information requested is not readily available in the form requested but is available, or can more easily be made available, in a different form, you may make the information available in such different form provided that the information requested is readily intelligible from the form made available by you.

## CLAIMS OF PRIVILEGE

1. Pursuant to Local Civil Rule 26.2, if you refuse to respond to any interrogatory or document request, or any subpart thereof, on the ground of privilege, identify:

    a. The nature of the privilege, including work product.

    b. If the privilege is being asserted in connection with a claim or defense governed by state law, state the privilege rule being invoked.

    c. With respect to each document, set forth:

        i. The type of document;

        ii. The subject matter of the document;

        iii. The date of the document; and

        iv. Such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document and any other recipients shown in the document, and where not apparent, the relationship of the author, addresses and recipients to each other.

    d. With respect to each oral communication, set forth:

        i. The name of the person making the communication and the names of the persons present while the communication was made and where not apparent, the relationship of the persons present to the person making the communication.

        ii. The date and place of the communication; and

        iii. The general subject matter of the communication.

2.     If you claim privilege as to a portion of any document, you must redact that portion and produce the remainder of the document. All redactions must be clearly identifiable from the face of the document, and must be included in a detailed log describing the redacted material and grounds for its being redacted, including, but not limited to, the specific privilege(s) invoked.

INTERROGATORY 1

Identify all persons with knowledge or information relevant to the subject matter of this action, including but not limited to, all persons who witnesses or have knowledge of any fact, report or statement concerning or relevant to the matters set forth in the Complaint and Answer.

INTERROGATORY 2

Identify all persons with knowledge or information regarding the injuries alleged in the Complaint to have been suffered by Plaintiff, or the seriousness of the alleged injuries, or of any fact concerning the state of the Plaintiff's physical or mental health since May 1, 2007.

INTERROGATORY 3

Identify all Government employees, agents, representatives, or other persons purporting to act on behalf of Government who provided medical treatment to the Plaintiff at the time of treatment as alleged in the complaint.

INTERROGATORY 4

Identify each and every physician, chiropractor, psychologist, social worker, therapist, physical therapist, medical group, medical office, hospital, health maintenance organization, laboratory or other medical psychological or mental health care personnel or organization that on behalf of the government, on or after May 1, 2002, (i) examined Plaintiff, (ii) provided medical care or treatment to Plaintiff, (iii) was consulted by Plaintiff, or (iv) rendered an opinion with respect to

Plaintiff's medical condition or treatment.

**INTERROGATORY 5**

Identify all persons with knowledge of any prescriptions that have been issued to Plaintiff since May 1, 2002.

**INTERROGATORY 6**

Identify all persons with possession, custody or control of any photographs, charts, drawing, diagrams, x-rays, medical records or report, prescriptions, records of treatment, or other documents concerning the matters stated in the Complaint, or concerning the medical treatment received by the plaintiff since May 1, 2002.

**INTERROGATORY 7**

Identify all persons who have acted on Plaintiff's behalf with respect to or who have investigated the matters set forth in the complaint.

**INTERROGATORY 8**

Identify all Government employees, agents, officials, or representatives, or any persons purporting to act on behalf of the Government who have made any oral or written statement or report to anyone, including Plaintiff, regarding the matters set forth in the Complaint.

**INTERROGATORY 9**

Identify all persons who have written any report or made and/or signed any statement concerning any of the matters alleged in the complaint.

**INTERROGATORY 10**

Identify all persons with possession, custody or control of any report or statement made by a

person identified in response to Interrogatory Nos. 8 or 9.

INTERROGATORY 11

Identify all persons who provided treatment to the plaintiff at the New York Harbor Health Care System located at both 800 Ply Place, Brooklyn, New York 11209 and 423 Ease 23rd Street, Ny, NY 10010.

INTERROGATORY 12

Identify all persons whom USA intends to call as an expert witness to testify in this action.

INTERROGATORY 13

Identify all non-documentary physical evidence of the matters alleged in the Complaint, state its location, and identify all persons in possession, custody or control of such evidence.

INTERROGATORY 14

Identify any other individual not listed above with knowledge of the Plaintiff's medial care and treatment at New York Harbor Health Care System.

INTERROGATORY 15

Identify all documents concerning matters stated in the Complaint and Answer, and for each document identify the custodian and location of the document. The documents identified should include, but not be limited to:

    a.    All documents received or obtained from any person concerning any of the matters alleged in the complaint;

    b.    All reports, records, invoices, prescriptions, x-rays, diagrams, charts or other written records that memorialize any medical treatment, examination or medical consultation of Plaintiff from May 1, 2002 through the present;

  c. All documents written or supplied by or to any person who has investigated or reported on the matters alleged in the Complaint on Defendant's behalf;

  d. All documents written, authored, signed or otherwise approved by Defendant concerning the matters alleged in the Answer;

  e. All documents concerning Plaintiff's state of health on or after May 1, 2002;

  f. All documents submitted to the Government concerning the matters alleged in the Complaint and Answer;

  g. All documents received from the Government concerning the matters alleged in the Complaint and Answer;

  h. All reports or other documents, including invoices, correspondence and drafts,

## INTERROGATORY 16

Identify all residents, physicians, nurses and other medical and health providers who rendered treatment to the plaintiff including but not limited to those whose signatures and names appear in the medical records maintained relative to the plaintiff.

## INTERROGATORY 17

Provide the employment status and if no longer employed, the last known address of those persons identified in response to Interrogatory 16.

## INTERROGATORY 18

Identify that person who connected the plaintiff to the pulse oximeter at the time of surgery.

## INTERROGATORY 19

Identify that person(s) who monitored the pulse oximeter once applied to plaintiff.

## INTERROGATORY 20

Identify the manufacture, make and model of the pulse oximeter utilized on the plaintiff.

REQUESTS FOR DOCUMENTS

1. All documents identified in your responses to Interrogatories.
2. All reports relating to the acts or omissions alleged in the Complaint.
3. All documents written or authored by Defendant or by any other person evidencing, referring to or relating to the matters alleged in the Complaint or Answer, including, but not limited to, all emails, personal diaries, calendars, notebooks, appointment books, phone messages, memoranda, and weekly or daily planners of Defendant.
4. All documents submitted to the Government in connection with the matters alleged in the Complaint and Answer.
5. All documents received from the Government in connection with the matters alleged in the Complaint and Answer.
6. All documents concerning the damages claimed by Plaintiff, including but not limited to lost wages or other income, claims for disability payments, insurance policies or payments, and claims to insurance companies, Plaintiff's employer or any governmental agency.
7. Any and all documents that record, reflect, indicate or refer to any medical care or evaluation, hospital care, chiropractic care, physical therapy, mental health care or evaluation, psychological care or evaluation, therapy or other treatment received, sought or considered by Plaintiff since May 1, 2002, including, without limitation, any correspondence relative thereto.
8. All documents produced to other parties in this matter.
9. All documents concerning matters set forth in your response to Interrogatory No. 13, including, but not limited to:
   a. All reports, including draft reports, prepared or written by persons identified therein;

  b. All documents reflecting the opinions that the persons are expected to express and the basis and reasons for such opinions;

  c. The data, documents, or other information the persons were given, considered, or relied upon in forming his or her opinion(s);

  d. Any Exhibits to be used as a summary of or support for his or her opinion(s);

  e. A list of his or her qualifications, including a list of all publications that he or she authored within the 10 years preceding the date of this request;

  f. A statement of the compensation paid and to be paid to him or her for the study and the testimony;

  g. A list of all other cases in which he or she has testified as an expert at trial or by deposition within the four years preceding the date of this request;

  h. each person's current curriculum vitae and resume.

10. All documents or things not produced in response to the foregoing requests that Defendant may seek to introduce at the trial of this action.

11. All medical records the defendants possess relative to the plaintiff;

12. All billing records relative to the plaintiff;

13. A copy of all X-rays, sonograms, ultrasounds, EEG reports and alike relative to the plaintiff herein.

14. A copy of the operating room log book for the date of the plaintiff's procedure(s).

15. A copy of the incident report(s) relative to the events herein.

16. A copy of product information sheets, instructions and other written materials relative to the pulse oximeter utilized on plaintiff.

17 A copy of any peer-committee statements made by any physician regarding the matters alleged in the Complaint.

18. A copy of peer-committee minutes wherein plaintiff's care and treatment was discussed or presented.

19. A copy of the operating room on-call sheet for the date of the plaintiff's procedure(s).

20.     A copy of the rules and regulations for the surgery, nursing and anesthesia departments as well as those rules and regulations relative to positioning of patients during surgery, monitoring patients during surgery, placement and monitoring of pulse oximeters, safety precautions with respect to electrical equipment use on patients, and other procedures performed on the plaintiff related to the injuries claimed herein.

Dated: New York, New York
       August 25, 2008

                                            Yours, etc.

                                            _____ 4999
                                            MICHAEL B. RONEMUS (4999)
                                            RONEMUS & VILENSKY, ESQS.
                                            Attorneys for Plaintiff(s)
                                            112 Madison Avenue
                                            New York, New York 10016
                                            (212) 779-7070

To:
Jossph Cordaro, Esq.
US Attorneys Office
Attorney For: Party
86 Chambers Street
New York, NY  10007
Phone: (212) 637-2745
Fax: (212) 637-2686

STATE OF NEW YORK:
                    SS.:
COUNTY OF NEW YORK:

Marsha Maldonado, being duly sworn, deposes and says, that she is over the age of 18 years and is not a party to the action and resides in New York County. That on the 25th day of August, 2008, deponent served the within **PLAINTIFF'S DEMAND FOR A FIRST SET OF INTERROGATORIES AND DOCUMENTS REQUEST TO DEFENDANT** upon

> US Attorneys Office
> Jossph Cordaro, Esq.
> 86 Chambers Street
> New York, NY 10007
> 212-637-2745

attorneys for DEFENDANTS in the within action at the address designated by said attorney by depositing same in a postpaid wrapper properly addressed, in a post-office box which is the official depository under the care and exclusive custody regularly maintained by the United States Post Office in the State of New York.

*Marsha Maldonado*

Sworn to before me this
25th day of August, 2008

_____
Notary Public

Diana J. Castillo
Commissioner of Deeds, City of New York
No. 4-6814
Cert. Filed in New York County
Commission Expires 10/1/20